McComber v. Yvonne St Cyr. Mr. McComber, for the expellence, Ms. Clemming, for the abolition. Good morning, counsel. Mr. McComber, please proceed when you're ready. Good morning, Your Honors, and may it please the Court, Sam McComber, on behalf of Ms. Yvonne St Cyr. I hope to reserve two minutes for rebuttal. The primary issue for the jury to decide in Ms. Cyr's trial was her mental state. I will focus my time on two mens rea issues, the exclusion of video evidence that went to her mental state and the vagueness of Section 231 because it lacks a mens rea requirement. Beginning with the video evidence, Ms. St Cyr offered two pieces of evidence that went to her mental state, her testimony and a video that she took at the ellipse of the President's speech on January 6th. Let's be very clear about what happened at the district court when that video was attempted to be admitted. Defense counsel created a 20-minute exhibit from an hour and 20-minute video that Ms. St Cyr took on her cell phone of the President's speech. When defense counsel attempted to admit that exhibit, the trial court asked for justification and defense counsel provided one saying that it went to Ms. St Cyr's intent. Without viewing the video, the district court excluded 17 minutes of that 20-minute video and the district court's exclusion of that video exhibit was both a denial of Ms. St Cyr's constitutional right to present a complete defense and an abuse of discretion. The district court, sua sponte and without objection, asked for justification of that video. And I think the key point for oral argument today on this issue is that the video was important. The video corroborates Ms. St Cyr's testimony and makes it more persuasive. It gave the jury a shared experience to relate to her testimony and showed the crescendo of her belief that the election was stolen and that she was there to witness history. What difference does it make if she believed and the jury credited her belief that the election was stolen and she was there to witness history? How does any of that exculpate her? Because it goes to her intent for the Section 231 offense, which shows that she had a mens rea to witness history and not a mens rea to obstruct. And those things aren't mutually exclusive. No, Your Honor, but you can witness history by obstructing. Correct, Your Honor, but the video is important to showing the narrative relevance of her mental state. And that was the defense theme at trial, was that she was there to witness history, not to obstruct. So although she could have both, the defense argument was that she only had the intent to witness history, not the intent to obstruct. What did her mens rea an hour or so before the activities in which she was charged have such relevance? I mean, you put it in a jury, and even if the jury viewed the evidence in the way your client wishes them to, the question is mens rea at the time of the conduct with which she's charged. And there's a significant time gap. Correct, Your Honor. Your Honor, the timing is important because, well, for three reasons. First, mental state is always important when motive or, excuse me, motive is always important when mental state is at issue. Second is the narrative relevance, which is a low standard that has any tendency to make a fact more or less probable. And that line drawing between her intent at the ellipse and her intent at the rally is abuse of discretion because it's the district court's adoption of the government's theory of the case without allowing the defense to present its theory of the case. Which goes to the prejudice point, if we're talking about whether the government's case. I mean, there was significant time lap, and there was the jury saw videos of her behavior at the Capitol and her words at the Capitol. And that seems to me, whether we're looking at this from harmless error or otherwise, a much more powerful evidence. Knowing her motive to be at the rally is a very different question of her motive to be at the Capitol and to engage into her motive, and that obviously most relevantly her mens rea, to be engaged in the activities at the Capitol itself. She carried the same intent throughout the entire day, and her testimony makes that clear. And the exclusion of the video evidence is important because it shows that she had that intent at the rally and carried that intent through to the Capitol. And it did not, the video, showing that video to show that narrative relevance of her intent throughout time was not prejudicial because it was short. It was only a 20-minute video. And in context of trial, that exclusion is an abuse of discretion relative to the government's case. The government had two days of testimony and video, and Ms. St. Cyr had four hours of testimony. The video was introduced at 2.30 in the afternoon, and the district court could have viewed that evidence outside of the jury's presence, and it chose not to do so, to decide on its relevance. And it's a double standard for the court to allow the government to show 70 minutes of video and deny. Did you object? Did your client object to the government's videos as duplicative? Some of them, yes, Your Honor. Some of them? Yes. For example, when there was videos from different angles, yes. And I think that the more important piece is that the defense theory matters. So it's not that the government should not have had that time. It's that the defense should have had the opportunity to make their case. And that's a different argument than the government got to put in videos that the court considered relevant because they captured her actual conduct at the Capitol, and then just your defense theory argument. That's different from a duplicativeness, or the government got its videos and we didn't get ours. Correct. And I think the more important one is that this court does not have to agree with the defense's theory in order to find that Ms. St. Cyr should be able to tell her story, should be able to present her defense. Did you, did you, did counsel present a defense theory instruction? Did you request a defense theory instruction and submit one to the court and have one given to the jury? I don't believe so, Your Honor. But the closing arguments were all about Ms. St. Cyr, or for the most part about Ms. St. Cyr's mental state, if that's what you're asking.  I'm just trying to make sure because I didn't see one in the record. Yes. So I was just trying to see whether there was a defense theory instruction. No, I don't believe so. There wasn't one. But the theory of the defense was that she didn't have the requisite mental state either because she didn't know she was entering a restricted area or she didn't intend to obstruct.  She did not intend to. And why, I mean, you've got a high burden to meet to show that there was a, essentially a due process violation. In three minutes of the video were presented and her testimony about that issue were presented. So how does that meet the very high standard to become a constitutional violation? First, it's not harmless because the video goes to an element of the offense. And the government has the burden to prove harmlessness beyond a reasonable doubt. And the trial court cannot assume that the jury knows the context of the case, cannot piecemeal admit the speech and expect it to show the full force of that video. And that's the difference between a cold record and the emotional effects of trial. For example, the government gives five bullet points of content that came from the President's speech in the three-minute clip. And that's correct. But Ms. St. Cyr wanted to put the jury in her shoes to feel the size and commitment of the crowd, the coldness of the day. And the probative value of evidence is not the same as probative value of tick-tock or a sound bite. The point is not to fit as much information into it as short a time as possible. What's your, I mean, every day judges restrict evidence. They restrict scope across examination, et cetera. In order to turn that from just an abuse of discretion kind of review non-constitutional harmlessness into a constitutional error is a big leap. What is your best case or precedent that this meets that standard? I think our strongest case might be McCoy v. City of Columbia. And that was a South Carolina case in which the court invalidated a local ordinance making it unlawful for any person to interfere or molest with a police officer. And that dealt more with the First Amendment issue than the vagueness issue. But I think the statutes are analogous. And I also see that I'm running out of time. So thank you. I'm sure my colleagues don't have additional questions for you this time. Okay. We'll give it a little bit of rebuttal time. Thank you. Ms. Fleming. Good morning, and may it please the Court. Mary Fleming for the United States. This Court should affirm St. Cyr's convictions. All of the claims that she raises on appeal are meritless. I'll focus on the evidentiary issue, the exclusion of the video. We're talking about a 19-minute and 27-second video that St. Cyr recorded at the ellipse before she went to the Capitol. The district court permitted the defense to play three minutes of that video. And the court instructed the – allowed the defense to pick out the most salient portions of the video, which happened to be three minutes. The court didn't put a time limit on it. There was no abuse of discretion in limiting the video in that way. The excluded portion was irrelevant. Trump's statements that the election was stolen, that everyone should go to the Capitol, do not negate her intent to obstruct or impede law enforcement. Hours later, while she's on the West Front, waiting against the barricades, or even after that, when she's in the tunnel, obstructing officers there. And even if this court thinks that there's some minimal probative value, it certainly was not an abuse of discretion under Rule 403. There was the – what was driving this was a concern about a public authority defense, that this was going to suggest that Trump had somehow authorized St. Cyr to take the conduct she had – the conduct that she undertook later at the Capitol. And so there was a concern that it was a backdoor way of introducing a public authority defense. The district court limited the video. And under Rule 403 balancing, there was no abuse of discretion. And in any event, it was harmless. St. Cyr testified extensively about her intent. The three minutes of the video was – the content of that was similar to the other 17 minutes. So for all of those reasons, the evidentiary issue is meritless. I'll rest on the briefs on the other issues, the vagueness challenge and the sufficiency challenge, unless this court has questions. Thank you, counsel. Thank you. Mr. McAmyer, we'll give you the two minutes you asked for for rebuttal. Thank you, Your Honor. The direct evidence from trial is Ms. St. Cyr's testimony. That's the direct evidence of her intent.
judges: Srinivasan; Millett; Wilkins